IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YVETTE LEILANI MOORE, | ) | CIVIL NO. 21-00493 SOM-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING AS MOOT |
| | ) | MOTION TO DISMISS FOR LACK |
| vs. | ) | OF PERSONAL JURISDICTION |
| | ) | AND MOTION FOR DEFAULT AND |
| CENTERPLATE INCORPORATED, | ) | SUMMARY JUDGMENT GIVEN |
| | ) | PLAINTIFF'S VOLUNTARY |
| Defendant. | ) | WITHDRAWAL OF THE |
| | ) | COMPLAINT; |
| | ) | |
| | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART PLAINTIFF'S |
| _____ | ) | REQUEST FOR LEAVE TO AMEND |
| | | COMPLAINT |

**ORDER DENYING AS MOOT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION FOR DEFAULT AND SUMMARY JUDGMENT GIVEN PLAINTIFF'S VOLUNTARY WITHDRAWAL OF THE COMPLAINT;**

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT**

**I.      INTRODUCTION.**

Plaintiff Yvette Leilani Moore was a vendor at the Aloha Stadium Swap Meet & Marketplace, which is run by Volume Services, Inc. ("VSI"), under the tradename Centerplate. Moore had an agreement allowing her to have a stall at the swap meet with VSI doing business as ("dba") Centerplate. On June 14, 2020, Moore signed a supplemental agreement with VSI dba Centerplate requiring her to wear a face mask at the swap meet. When Moore allegedly failed to wear a face mask on several occasions last fall, she was asked to leave the swap meet by swap meet security.

On December 15, 2021, Moore sued Centerplate Incorporated, rather than VSI, claiming that the mask requirement at the swap meet violated her constitutional rights and amounted to criminal conduct. Centerplate, Inc., is VSI's parent company. There are no factual allegations in the Complaint going to piercing the corporate veil.

At the hearing on Centerplate Inc.'s motion to dismiss for lack of personal jurisdiction, Moore voluntarily dismissed her Complaint, which renders moot that motion to dismiss as well as Moore's motion for default and summary judgment.

The court grants Moore's request for leave to file an amended complaint in part. Moore is given leave to file an "Amended Complaint" naming "Volume Services, Inc., dba Centerplate" as the Defendant no later than April 4, 2022. Moore's motions for default and summary judgment are denied. Moore's request to add or substitute VSI as a Defendant in the original Complaint is also denied as moot given the withdrawal of that document, but, as noted, Moore may name VSI in a new complaint to be filed in this case.

**II.     BACKGROUND.**

Moore was a vendor at the Aloha Stadium Swap Meet & Marketplace. *See* Complaint, ECF No. 1, PageID # 5. Moore alleges that, on September 12 and 26, and October 3, 2021, she was forced out of her vendor stall by the swap meet management

2

because she refused to wear a mask required during the pandemic. Moore explains that she cannot breathe well while wearing a mask and that masks give her rashes. *See id.*, PageID #s 5, 8. Moore submitted a video showing security guards at the swap meet asking her to put on a face mask or, alternatively, a face shield, and warning her that failure to do so would cause her to be asked to leave. *See* ECF No. 21 (jump drive). This is consistent with a letter of October 20, 2021, that Kendall Kido (manager of Centerplate) sent to Moore, telling her "that vendors who are unable to wear a face mask are allowed to use a face covering which is a face shield. A face shield does not compromise breathing." ECF Nl. 8, PageID # 41. Moore submitted a second video showing security guards asking her to leave after she refused to wear a mask or a face shield. *See* ECF No. 21 (jump drive).

Moore alleged in her Complaint that a company she calls Centerplate, Incorporated, manages the Aloha Stadium Swap Meet. *See* Complaint, ECF No. 1, PageID # 5. Moore appears to have been conflating "Centerplate, Incorporated" with its wholly owned subsidiary, VSI dba Centerplate. *See* Decl. of Joan R. McGlockton ¶ 6, ECF No. 9-2, PageID # 77. Here, the Stadium Authority for the State of Hawaii issued Revocable Permit No. RP-22-01 to manage the Aloha Stadium Swap Meet & Marketplace to VSI dba Centerplate. *See* ECF No. 9-5, PageID #s 83-85; Decl. of Davy

Murayama ¶ 3, ECF No. 9-3, PageID # 78 ("VSI manages the Aloha Stadium Swap Meet & Marketplace."). "Centerplate, Inc.[,] does not manage the Swap Meet." Murayama Decl. ¶ 6, ECF No. 9-3, PageID # 79; Decl. of Joan R. McGlockton ¶ 5, ECF No. 9-2, PageID # 76 ("Centerplate, Inc.[,] does not manage the Aloha Stadium Swap Meet & Marketplace."). Moore's monthly rental receipts for her stall at the Swap Meet are from "Centerplate," not "Centerplate, Inc." *See, e.g.,* ECF No. 23-3, PageID # 288.

Moore signed a supplemental agreement with Centerplate (not Centerplate, Inc.) in which she agreed to wear a face mask. *See* ECF No. 9-4, PageID # 81. Moore's daily permit from Centerplate (not Centerplate, Inc.) for her swap meet stall states that she agrees to comply with all rules and regulations and that "Swap Meet Management reserves the right to revoke a vendor's permit, to refund fee paid[,] and to evict rule violators." *See* ECF No. 15-2, PageID # 128. Moore's monthly rental receipts are also from Centerplate (not Centerplate, Inc.). *See* ECF No. 15-2, PageID #s 124-27.

Moore's application to be a vendor at the Swap Meet was submitted on a form by Centerplate (not Centerplate, Inc.) with an address of 99-500 Salt Lake Blvd., Aiea, 96701.

Accordingly, as recognized by Moore at the hearing, to the extent she has claims arising out of being prevented from selling things at the swap meet after she refused to wear a mask,

4

such claims pertain to conduct by VSI dba Centerplate, not Centerplate, Inc.[1]

**III.    ANALYSIS.**

    **A.    Given Moore's Voluntary Withdrawal of her Complaint, the Court Denies as Moot the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Moore's Motion for Default and Summary Judgment, as Well as Moore's Request to Add or Substitute VSI dba Centerplate as a Defendant Named in the Complaint.**

At the hearing on the present motions, Moore voluntarily withdrew her Complaint. This renders moot Defendant's motion to dismiss for lack of personal jurisdiction

---

[1] While Moore correctly notes that this court may pierce the corporate veil and hold a parent company liable for acts of a subsidiary company under an alter ego theory, *see* ECF No. 22, PageID # 243, the Complaint alleged no facts warranting such piercing. *See Cruz v. Kaumana Drive Partners, LLC*, 2020 WL 7698820, at *3 (D. Haw. Apr. 2, 2020) ("To show alter ego under Hawaii law, Plaintiff must meet a two-part test. First, there must be a 'unity of interest' to the point where the individuality, or separateness, of such person and corporation has ceased. Second, Plaintiff must show that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice." (quotation marks and citations omitted)); *Chung v. Animal Clinic, Inc.*, 63 Haw. 642, 645, 636 P.2d 721, 723 (1981) (stating that, under Hawaii law, "[t]he general rule is that a corporation and its shareholders are to be treated as distinct legal entities. The corporate 'veil' will be pierced and the legal entity of the corporation will be disregarded only where recognition of the corporate fiction would bring about injustice and inequity or when there is evidence that the corporate fiction has been used to perpetrate a fraud or defeat a rightful claim."). Moore's Complaint does not arise out of conduct by Centerplate, Inc. To the contrary, Moore says that she "never intended to file suit with a different mainland CENTERPLATE INC." ECF No. 15-1, PageID # 108. Instead, she meant to sue the entity doing business in Hawaii as Centerplate. *Id.*

and Moore's motion for default and summary judgment, as well as her request for leave to add or substitute VSI as a Defendant named in the Complaint.

> **B.  Moore is Given Leave to File an Amended Complaint Naming "Volume Services, Inc., dba Centerplate" as Defendant.**

It is clear from the filings before this court that Moore intended to sue "Volume Services, Inc., dba Centerplate," rather than Centerplate, Inc.  Moore asks that she be allowed to file an Amended Complaint naming "Volume Services, Inc., dba Centerplate" as the Defendant.  That portion of her motion for leave to file an Amended Complaint is granted.

Moore's Complaint asserted violations of 18 U.S.C. § 241, and of 42 U.S.C. §§ 1983, 1985, and 2000e-2.[2]  To avoid unnecessary litigation, the court provides Moore with guidance with respect to any Amended Complaint based on those statutes.

First, Moore may not assert claims for violations of penal statutes.  Criminal charges may only be lodged by the appropriate prosecutorial entity, not by a private individual. Moore therefore lacks authority to assert a violation of 18 U.S.C. § 241 or any other section of Title 18.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242.  These criminal

---

[2] At the hearing on the motions, Moore mentioned possible violations of Title 15 of the United States Code.  No such violations were pled in the Complaint.

provisions, however, provide no basis for civil liability."); *Ashraf v. Reliance Motors, LLC*, 2020 WL 7382101, at *3 (C.D. Cal. Dec. 10, 2020) (ruling that private citizens lack standing to pursue claims for violations of criminal statutes, including 18 U.S.C. § 241), *aff'd*, 859 F. App'x 783 (9th Cir. 2021); *Gilliam v. Glassett*, 2019 WL 150541 (D. Haw. Jan. 9. 2019) (stating that private citizens lack standing to bring criminal claims); *McDonald v. Lee*, 2015 WL 4758012, at *3 (E.D. Cal. Aug. 11, 2015) (ruling that private citizens lack standing to prosecute federal crimes). This means that, in her Amended Complaint, Moore should not seek to hold VSI liable under 18 U.S.C. § 241 or any other penal statute.

Second, to the extent Moore seeks recovery from VSI for a violation of 42 U.S.C. § 1983, she must allege and ultimately demonstrate some reason to attribute its conduct to a governmental entity such as the State of Hawaii. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial

> capacity, injunctive relief shall not be
> granted unless a declaratory decree was
> violated or declaratory relief was
> unavailable. For the purposes of this
> section, any Act of Congress applicable
> exclusively to the District of Columbia shall
> be considered to be a statute of the District
> of Columbia.

Section 1983 does not create any substantive rights; it provides a cause of action against a person acting under color of state law and alleged to have deprived a plaintiff of rights established by the Constitution or federal law.

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, it is not enough to claim that a private entity is violating a person's First Amendment rights. In asserting a First Amendment violation under § 1983, a plaintiff typically alleges that her First Amendment rights were violated by a law being enforced by a person acting under color of law. The typical person acting under color of law is an agent of a governmental entity.

Private individuals and private entities are not normally liable for violating most of the rights secured by the United States Constitution. *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) ("As a private university, SCU is not ordinarily obligated to comply with constitutional due

8

process requirements"). Instead, most constitutional rights provide protection from only government infringement. *See id.* ("Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." (quotation marks and citation omitted)); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

In fact, there is a presumption that private conduct does not constitute governmental action. *See Heineke*, 965 F.3d at 1012. The ultimate issue in determining whether a person is subject to suit under § 1983 for an infringement of a constitutional right is whether the alleged infringement is fairly attributable to the government. *Id.* (noting that the presumption that § 1983 does not apply to private conduct may be overcome in limited circumstances); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A two-part test is used to answer that question:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing

> their interactions with the community surrounding them.

*Lugar*, 457 U.S. at 937.

"In order for private conduct to constitute governmental action, 'something more' must be present." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). For purposes of § 1983, courts have identified "four factors or tests to identify what constitutes 'something more': (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." *Id.* at 835-36. To hold VSI dba Centerplate liable for a violation of her constitutional rights, Moore must allege and ultimately prove this "something more."

While Centerplate, Inc., argues that any attempt to attribute VSI's conduct to that of any governmental official or entity would be futile, this court grants Moore leave to attempt to make appropriate allegations with respect to "something more" or acting under color of law, subject to her obligations under Rule 11 of the Federal Rules of Civil Procedure. Moore should review that rule before filing her Amended Complaint.

Rule 11 allows this court to impose sanctions for violations of Rule 11(b). Rule 11(b) states that a party presenting this court with a pleading, motion, or other paper,

> certifies that to the best of the person's knowledge, information, and belief, formed

10

>       after an inquiry reasonable under the
>       circumstances:
>
>       (1) it is not being presented for any
>       improper purpose, such as to harass, cause
>       unnecessary delay, or needlessly increase the
>       cost of litigation;
>
>       (2) the claims, defenses, and other legal
>       contentions are warranted by existing law or
>       by a nonfrivolous argument for extending,
>       modifying, or reversing existing law or for
>       establishing new law;
>
>       (3) the factual contentions have evidentiary
>       support or, if specifically so identified,
>       will likely have evidentiary support after a
>       reasonable opportunity for further
>       investigation or discovery; and
>
>       (4) the denials of factual contentions are
>       warranted on the evidence or, if specifically
>       so identified, are reasonably based on belief
>       or a lack of information.

F. R. Civ. P. 11(b).

Third, to the extent Moore may want to sue VSI for an alleged violation of 42 U.S.C. § 1985, she should identify the subsection of § 1985 that she is proceeding under. If there are no allegations that VSI was acting under color of law, Moore must proceed pursuant to the second clause of § 1985(2) or the first clause of § 1985(3). However, to state a claim under either of those subsections, Moore must allege an invidiously discriminatory racial or class-based animus. *See Bretz v. Kelman*, 773 F.2d 1026, 1028-30 (9th Cir. 1984) (en banc).

Fourth, to the extent Moore may want to assert a claim under Title 15 of the United States Code, which she mentioned at

11

the hearing, Moore should include in any Amended Complaint the specif provision(s) that she is proceeding under. Moore should ensure that any such provision is applicable to VSI's conduct and that she has standing to assert claims under the particular section of Title 15 at issue.

Fifth, to the extent Moore may want to assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, she must allege some sort of employer-employee relationship. Absent allegations (and ultimately proof) of such a relationship, a § 2000e-2 claim will fail.

Sixth, Moore is incorrect in stating that "contracts are only legal between Corporations, not a person with a corporation." *See* ECF No. 1-1, PageID # 10. In fact, Hawaii courts have recognized contracts between companies and individuals. *See, e.g.*, *Brown v. KFC Nat'l Mgmt. Co.*, 82 Haw. 226, 237-38, 921 P.2d 146, 157-58 (1996). Under Hawaii law, valid contracts simply require "an offer, an acceptance, and consideration." *Douglass v. Pflueger Hawaii, Inc.*, 110 Haw. 520, 525, 135 P.3d 129, 134 (2006), as corrected (May 30, 2006).

In litigating this matter before this court, the court expects all parties, whether represented by counsel or proceeding *pro se*, to comply with court rules. *See* Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes."). The court therefore

12

encourages Moore to familiarize herself with applicable court rules. For example, Rule 5(b)(2)(C) states that a document may be served by "mailing it to the person's last known address--in which event service is complete upon mailing." Accordingly, even if a party receives a document mailed via the United States Post Office after the date on which service was required, that does not necessarily mean service was untimely.

Finally, all parties, including Moore, must proceed in a civil manner. Before resorting to calling opposing counsel's conduct fraudulent, Moore should carefully review applicable rules. Similarly, Moore should refrain from unsupported assertions that opposing attorneys are violating her rights by litigating this matter. For example, Moore apparently sent a letter to opposing counsel saying that his email to Moore violated her right to privacy because she did not provide that email address to him. *See* ECF 15-2, PageID # 145. While Moore may certainly ask that all communication be via letter sent through the United States mail, opposing counsel does not violate any rule or privacy right by attempting to contact Moore through an email address listed in the Complaint. *See* ECF No. 1, PageID # 2. In fact, under applicable rules, all parties are required to have certain discussions under Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1. These discussions are

often facilitated through email, which provides a quicker means of discussion than the mail.

**IV.     CONCLUSION.**

Given Moore's voluntary withdrawal of her Complaint, the court denies as moot Defendant's motion to dismiss and Moore's motion for default and summary judgment, as well as Moore's request to add or substitute VSI as a Defendant in her Complaint.

Moore is given leave to file an "Amended Complaint" no later than April 4, 2022, naming "Volume Services, Inc. dba Centerplate" as Defendant. Moore should carefully examine the guidance in this order before filing any Amended Complaint. If Moore fails to timely file an Amended Complaint, this action will be automatically dismissed without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 7, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Moore v. Centerplate Incorporated*, Civ. No. 21-00493 SOM-KJM; ORDER DENYING AS MOOT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION FOR DEFAULT AND SUMMARY JUDGMENT GIVEN PLAINTIFF'S VOLUNTARY WITHDRAWAL OF THE COMPLAINT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT