```
           IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF HAWAII

YVETTE LEILANI MOORE,          )    CIVIL NO. 21-00493 SOM-KJM
                               )
          Plaintiff,           )    ORDER DISMISSING AMENDED
                               )    COMPLAINT
     vs.                       )
                               )    ORDER GRANTING PLAINTIFF
VOLUME SERVICES, INC., dba     )    LEAVE TO FILE A MOTION
Centerplate,                   )    SEEKING PERMISSION TO FILE
                               )    A SECOND AMENDED COMPLAINT;
          Defendant.           )
                               )    ORDER DENYING PLAINTIFF'S
_____)    MOTION FOR SUMMARY JUDGMENT
```

**ORDER DISMISSING AMENDED COMPLAINT;
ORDER GRANTING PLAINTIFF LEAVE TO FILE A MOTION SEEKING
PERMISSION TO FILE A SECOND AMENDED COMPLAINT;
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION.**

Defendant Volume Services, Inc. ("VSI"), runs the Aloha Stadium Swap Meet & Marketplace under the tradename Centerplate. Plaintiff Yvette Leilani Moore had an agreement with VSI that allowed her to be a vendor at that swap meet. In light of COVID-19 and Hawaii's mask suggestion consistent with CDC recommendations, Moore also agreed to wear a face covering while selling things at the swap meet. However, Moore disputes the validity of the face covering agreement, saying she was forced to sign it. In any event, when Moore refused to wear a face covering on several occasions last fall, she was asked to leave the swap meet by swap meet security.

On December 15, 2021, Moore, proceeding *pro se*, sued Centerplate, Inc., VSI's parent company, claiming that the mask

requirement at the swap meet violated her constitutional rights and amounted to criminal conduct. Centerplate, Inc., moved to dismiss the Complaint, arguing that this court lacked personal jurisdiction over it and noting that the proper defendant was VSI dba Centerplate, the entity with which Moore had contracts. After Moore agreed to dismiss the Complaint against Centerplate, Inc., this court granted her leave to file an Amended Complaint that asserted viable claims against VSI. *See* ECF No. 33.

On March 29, 2022, Moore filed an Amended Complaint. *See* ECF No. 38. The Amended Complaint mistakenly continued to name Centerplate, Inc., as a defendant. Moore has since indicated that she made a "typo" and needed to file a "CORRECTED AMENDED COMPLAINT." *See* ECF No. 45, PageID # 577. In a "CORRECTED MOTION FOR AMENDED COMPLAINT," Moore uses redline to strike out references to Centerplate, Inc. *See* ECF No. 41. Moore subsequently indicated, "It was not the intention of the Plaintiff to name Centerplate, Inc. as the Defendant again; it was the intention of Plaintiff to only name VSI, Inc. dba Centerplate." *See* ECF No. 53, PageID # 634. In light of those filings, this court deems Moore to have voluntarily withdrawn any claim(s) asserted against Centerplate, Inc., in the Amended Complaint. This leaves for adjudication claims asserted against VSI.

Before the court are a motion to dismiss the § 1983 claims against VSI in the Amended Complaint and Moore's motion for summary judgment (to the extent she has made such a motion). This court grants the motion to dismiss because Moore fails to assert a viable § 1983 claim against VSI. The court declines to exercise supplemental jurisdiction over any potential state law claim and denies Moore's motion for summary judgment (to the extent she has made such a motion).

**II.      STANDARD.**

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

**III.        BACKGROUND.**

Moore's Amended Complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Rather than simply stating why she thinks VSI is liable and supporting that contention with factual allegations, Moore's Amended Complaint is filled with unnecessary legalese and references to case law.  Because Moore is proceeding *pro se*, this court has liberally construed her Amended Complaint, seeking clarity from previous filings in this case.  Even

4

construed liberally, the Amended Complaint lacks factual allegations supporting her claim.

Moore says that wearing face masks cause her to get facial rashes. She alleges that she was kicked out of the Aloha Stadium Swap Meet when she refused to wear a face mask. *See* Amended Complaint, ECF No. 38, PageID #s 464-65, 470.

In adjudicating the present motion to dismiss, the court limits itself to the allegations contained in the Amended Complaint. However, facts presented in earlier pleadings provide context and influence whether Moore might be able to file a Second Amended Complaint that is not futile. Moore's earlier Complaint explained that she was a vendor at the swap meet and that, on September 12 and 26, and October 3, 2021, she was forced out of her vendor stall when she refused to wear a mask, which was required by the swap meet management because of the COVID-19 pandemic. Moore did not like to wear face masks, saying that they caused her to break out in a rash and were hard to breathe through. *See* Complaint, ECF No. 1, PageID #s 5, 8. Moore earlier submitted a video showing security guards at the swap meet asking her to put on a face mask or, alternatively, a face shield, and warning her that failure to do so would result in her being asked to leave. *See* ECF No. 21 (jump drive). This is consistent with a letter of October 20, 2021, that Kendall Kido (manager of Centerplate) sent to Moore, telling her "that vendors

who are unable to wear a face mask are allowed to use a face covering which is a face shield.  A face shield does not compromise breathing." ECF No. 8, PageID # 41.  Moore submitted a second video showing security guards asking her to leave when she refused to wear a mask or a face shield.  *See* ECF No. 21 (jump drive).

The court takes judicial notice that, at the time Moore was kicked out of the swap meet, Hawaii's Governor had issued an Emergency Proclamation requiring face coverings in public settings.  *See* Emergency Proclamation Related to the State's COVID-19 Delta Response (Oct. 1, 2021) ("All persons in the State shall wear a face covering over their nose and mouth" in public settings with certain limited exceptions), available at https://governor.hawaii.gov/wp-content/uploads/2021/10/2109152-ATG_Emergency-Proclamation-Related-to-the-States-COVID-19-Delta-Response-distribution-signed.pdf; Emergency Proclamation Related to the COVID-19 Response (Aug. 5, 2021) (same), available at https://governor.hawaii.gov/wp-content/uploads/2021/08/2108026-ATG_Emergency-Proc-for-COVID-19-Response-distribution-signed.pdf; Twenty-First Proclamation Related to the COVID-19 Emergency (June 7, 2021) (same), available at https://governor.hawaii.gov/wp-content/uploads/2021/06/2106080-ATG_21st-Emergency-Proclamation-for-COVID-19-distribution-signed.pdf.

Moore says she was forced to sign a supplemental agreement with Centerplate in which she agreed to wear a face mask.  *See* Amended Complaint, ECF No. 38, PageID # 465 (referring to a "mini contract by Centerplate on June 14, 2020," which appears to be a reference to the "Supplemental Vendor Rules for Social Distancing," ECF No. 9-4, PageID # 81, which states, "Vendors are required to wear face masks").  The court takes judicial notice that, at the time Moore signed the supplemental vendor rules, Hawaii's Governor had issued an Emergency Proclamation that "encouraged" all individuals to wear a cloth face covering as recommended by the CDC, which had recommended "that everyone wear a cloth face cover to contain respiratory droplets when around others."  Ninth Supplementary Proclamation Related to the COVID-19 Emergency (June 10, 2020) (attaching CDC recommendation), available at https://governor.hawaii.gov/wp-content/uploads/2020/06/2006097A-ATG_Ninth-Supplementary-Proclamation-COVID-19-distribution-signed.pdf.

Moore says she was discriminated against because "many other vendors were not chased out of their stalls" when they did not wear face masks.  Amended Complaint, ECF No. 38, PageID # 470.

VSI was authorized to run the swap meet on state property by the Stadium Authority for the State of Hawaii, which

7

issued Revocable Permit No. RP-22-01 to manage the Aloha Stadium Swap Meet & Marketplace. *See* Amended Complaint, ECF No. 38, PageID # 474 (citing ECF No. 9-5, PageID #s 83-85). The court takes judicial notice of this permit, which is filed as ECF No. 9-5 and referenced in the Amended Complaint. The permit states that it is for "Services to Market, Coordinate, and Manage the Aloha Stadium Swap Meet and Marketplace."

**IV.     ANALYSIS.**

Moore alleges that she was discriminated against when she refused to wear a mask. ECF No. 38, PageID #s 464-65. Moore says this violated the Bill of Rights, as "she should be at liberty to . . . do her business." ECF No. 38, PageID # 465. She also claims that forcing her to wear a mask violates her Christian beliefs. *Id.* PageID #s 491-92. These alleged federal constitutional claims are actionable under 42 U.S.C. § 1983. *Id.*, PageID #s 466, 470.

> Section 1983 states:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial

> capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Section 1983 does not create any substantive rights; it provides a cause of action against a person acting under color of state law and depriving a plaintiff of rights established by the Constitution or federal law.

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, it is not enough to claim that a private entity is violating a person's First Amendment rights. For a § 1983 claim to be successful, a plaintiff must demonstrate that her First Amendment rights were violated by a person acting under color of law. The typical person acting under color of law is an agent of a governmental entity.

Individuals and private entities are not normally liable for violating most of the rights secured by the United States Constitution. *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) ("As a private university, SCU is not ordinarily obligated to comply with constitutional due process

requirements"). Instead, most constitutional rights provide protection from only government infringement. *See id.* ("Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." (quotation marks and citation omitted)); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

In fact, there is a presumption that private conduct does not constitute actionable governmental action necessary to support a § 1983 claim. *See Heineke*, 965 F.3d at 1012. The ultimate issue in determining whether a person is subject to suit under § 1983 for an infringement of a constitutional right is whether the alleged infringement is fairly attributable to the government. *Id.* (noting that the presumption that § 1983 does not apply to private conduct may be overcome in limited circumstances); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A two-part test is used to answer that question:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing

>     their interactions with the community
>     surrounding them.

*Lugar*, 457 U.S. at 937.

"In order for private conduct to constitute governmental action, 'something more' must be present." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). For purposes of § 1983, courts have identified "four factors or tests to identify what constitutes 'something more': (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." *Id.* at 835–36.

To survive the present motion to dismiss, Moore must allege facts establishing this "something more." Her conclusory allegations are insufficient to do so. She alleges that "The violations occurred in a **public functioning** place. . . . **Joint Action**: it was the unlawful mandates of the State government and VSI . . . to take away the Plaintiff's Federal constitutional . . . rights . . . ." She also says, "It was under the **government's compulsion and coercion** to contract VSI . . . to force these offensive rules upon the Plaintiff . . . ." She further says, "**The governmental nexus** exists between VSI . . . and the State Government Permit No. RP-22-01." ECF No. 38, PageID #s 480-82. These conclusory allegations do not satisfy the requirement that Moore allege facts demonstrating that VSI's alleged violations of

11

Moore's constitutional rights is fairly attributable to the government for purposes of § 1983. *See Heineke*, 965 F.3d at 1012.

At best, Moore relies on the revocable permit issued by the Stadium Authority for the State of Hawaii to VSI to argue that VSI is acting as an agent of the State of Hawaii and to establish a government nexus. *See* ECF No. 38, PageID # 474. However, a contract with the state does not, by itself, create state action. *See Quinones v. UnitedHealth Grp.*, 2015 WL 4523499, at *3 (D. Haw. July 24, 2015). In fact, other courts have declined to find the requisite governmental nexus when a private entity simply leases government property.

In *NBC v. Communications Workers of America, AFL-CIO*, 860 F.2d 1022 (11th Cir.1988), for example, a broadcasting company filed suit to enjoin a defendant union from excluding it from a meeting held in a facility leased from a municipality. The Eleventh Circuit found no actionable state action, stating that "a government 'normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the government.'" *Id.* at 1025 (quoting *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 546 (1987)). The union's lease of the premises specifically provided that

12

"control over access to the facility and security is under the control of the lessee . . . and not the City." *Id.* Because the city neither encouraged nor coerced the exclusion of the broadcasting company, the Eleventh Circuit found no actionable state action that would allow a claim against the union.

In *Wagner v. Metro. Nashville Airport Authority*, 772 F.2d 227, 229 (6th Cir. 1985), the Sixth Circuit determined that the state action necessary to support a § 1983 claim was lacking, stating that "[c]ontemporary decisions stress the necessity of a close nexus between the state and the challenged conduct rather than application of a mechanistic formula based on business relationships such as the mere leasing of space by the state."

Cases finding sufficient governmental action to support a § 1983 claim involving leased government property have involved governmental conduct beyond the lease itself. For example, in *D'Amario v. Providence Civic Center Authority*, 783 F.2d 1 (1986), the First Circuit determined there was sufficient governmental action when a commercial photographer brought a First Amendment challenge to a "no camera rule" required by performers and their promoters but enforced by city employees. In other words, city employees participated in the alleged First Amendment violations at the civic center. Government involvement beyond that of a lessor is not alleged in Moore's Amended Complaint.

13

Additionally, VSI's compliance with Hawaii's face covering requirements does not mean that VSI somehow became a state actor by complying with those requirements. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."); *Heineke*, 965 F.3d at 1014 ("SCU, as a private university, does not become a state actor merely by virtue of being required by generally applicable civil rights laws to ameliorate sex (or any other form of) discrimination in educational activities as a condition of receiving state funding."); *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) ("subjecting all behavior that conforms to state law to the Fourteenth Amendment would emasculate the state action concept"); *Brophy v. JPMorgan Chase Bank Nat. Ass'n*, 2013 WL 6273583, at *4 (E.D. Wash. Dec. 4, 2013) (stating that initiation of nonjudicial foreclosure proceedings in compliance with state law is not state action).

In the present case, the allegations in the Amended Complaint fail to allege sufficient facts to demonstrate that VSI's conduct is fairly attributable to the government. Accordingly, Moore's § 1983 claims are dismissed, rendering moot any motion for summary judgment that Moore may have filed with respect to those claims. Given that dismissal, this court

declines to exercise supplemental jurisdiction over any state-law claim, including any potential breach of contract claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (noting that, while dismissal of state-law claims is not "a mandatory rule to be applied inflexibly in all cases[,] . . . in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims.").

**IV.    MOORE IS GIVEN LEAVE TO FILE A MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT.**

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires this court to "freely give leave" to amend a complaint "when justice so requires." Accordingly, this court normally grants a *pro se* plaintiff leave to amend unless granting such leave would be futile. *See Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) (holding that leave to amend is properly denied if amendment would be futile); *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (requiring leave to amend for *pro se* litigants unless amendment is futile).

On March 7, 2022, this court gave Moore leave to file an Amended Complaint. *See* ECF No. 33. That order provided Moore with extensive guidance with respect to what needs to be alleged

15

in a complaint.  Rather than allege facts supporting her claims as described in the court's guidance, Moore apparently followed advice from an "attorney" and other *pro se* litigants.  *See* ECF No. 38-3, PageID # 491.  Because Moore did not allege the necessary facts supporting her § 1983 claim, this court cannot tell whether those facts do not exist or whether Moore misunderstood what needs to be alleged in a complaint.  The court therefore grants Moore leave to file a motion seeking to file a proposed Second Amended Complaint.  In granting leave to file a motion seeking permission to file a Second Amended Complaint, rather than directly granting leave to file a Second Amended Complaint, this court is attempting to balance Moore's right to have her claims decided on the merits with VSI's right not to have to litigate a complaint that will be dismissed (a futile complaint).

No later than July 15, 2022, Moore may file a motion with the title "Motion Seeking Leave to File a Second Amended Complaint."  This motion should ask this court for permission to file a proposed "Second Amended Complaint" that is attached to the motion.  The attached "Second Amended Complaint" should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The proposed complaint should refrain from containing motions (Moore's previous complaints contained motions for trial or for

16

summary judgment).  Any proposed Second Amended Complaint should also refrain from providing extraneous and unnecessary information, such as citations to cases and legalese.  Instead, Moore should clearly state the causes of action she is asserting (e.g., violation of 42 U.S.C. § 1983) and the facts supporting such claims.  Moore may, but need not, use a form complaint available on this court's website, editing it as appropriate and adding additional pages, if necessary.  *See* https://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&pid=27&mid=113.

In any proposed Second Amended Complaint, Moore should allege facts supporting any § 1983 claim.  The Second Amended Complaint should contain all necessary factual allegations and shall not incorporate by reference facts asserted in other documents.  Moore may, of course, assert other causes of action.  However, she should do so only if she can assert viable claims.  In a filing dated June 14, 2022, Moore argued that she has claims under 42 U.S.C. § 2000a and 15 U.S.C. § 1.  *See* ECF No. 53.  Neither of those claims was asserted in the Amended Complaint, and it is not clear that any such claims would viable.  It is certainly unclear whether Moore could assert a viable claim under 42 U.S.C. § 2000a, which prohibits discrimination in places of public accommodation based on race, color, religion, and national origin.  While Moore's Amended Complaint asserts religious

17

discrimination, "[i]t certainly does not describe the tenets of that religion or explain how the Mask Mandates affect any religious practice." *Denis v. Ige*, 538 F. Supp. 3d 1063, 1076 (D. Haw. 2021). Without more factual allegations concerning her religion, this court cannot determine whether VSI might have coerced Moore to act in a way contrary to her religious beliefs.

Additionally, while Moore claims a violation of 15 U.S.C. § 1, which makes contracts in restraint of trade a felony punishable by 10 years of imprisonment and a fine of up to $1,000,000, the criminal aspect of that statute is inapplicable here. The court recognizes that 15 U.S.C. § 15(a) encompasses a private right of action to enforce antitrust laws, but it is not clear that Moore can allege facts demonstrating a contract in restraint of trade.

## V.     CONCLUSION.

The court grants VSI's motion to dismiss the Amended Complaint. The court declines to exercise supplemental jurisdiction over any possible state-law claim such as a breach of contract claim. In light of the dismissal of the Amended Complaint, this court denies Moore's motion for summary judgment (to the extent she has made such a motion).

No later than July 15, 2022, Moore may file a "Motion Seeking Leave to File a Second Amended Complaint," to which she attaches a proposed Second Amended Complaint. If Moore fails to

timely file such a motion, this action will be automatically dismissed.

　　　　　　　　　IT IS SO ORDERED.

　　　　　　　　　DATED: Honolulu, Hawaii, June 27, 2022.



　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　Susan Oki Mollway
　　　　　　　　　United States District Judge

*Moore v. Centerplate Incorporated*, Civ. No. 21-00493 SOM-KJM; ORDER DISMISSING AMENDED COMPLAINT; ORDER GRANTING PLAINTIFF LEAVE TO FILE A MOTION SEEKING PERMISSION TO FILE A SECOND AMENDED COMPLAINT; ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT